NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

FRANK SILVA ROQUE, *Petitioner*.

No. 1 CA-CR 13-0705 PRPC
FILED 3-3-2015

Appeal from the Superior Court in Maricopa County
No. CR2001-095385
The Honorable Mark F. Aceto, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Frank Silva Roque, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Acting Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Peter B. Swann and Chief Judge Diane M. Johnsen joined.

**W I N T H R O P,** Acting Presiding Judge:

**¶1**        Petitioner Frank Silva Roque ("Roque") petitions this court for review from the dismissal of his notice of post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review, but deny relief.

**¶2**        A jury convicted Roque of first degree murder, attempted first degree murder, endangerment, and three counts of drive by shooting. The trial court sentenced Roque to death for first degree murder and an aggregate term of twenty-four years' imprisonment for the remaining counts. The Arizona Supreme Court reduced Roque's death sentence to natural life but otherwise affirmed his convictions and sentences on direct appeal. *State v. Roque*, 213 Ariz. 193, 231, ¶ 171, 141 P.3d 368, 406 (2006). Roque now seeks review of the summary dismissal of his successive notice of post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.9(c).

**¶3**        Roque argues the trial court erred when it admitted hearsay statements of his wife at trial. We deny relief. Our supreme court addressed this issue on direct appeal and did so in the context of *Crawford v. Washington*, 541 U.S. 36 (2004), the case Roque relies upon. *Roque*, 213 Ariz. at 213-14, ¶¶ 69-70, 141 P.3d at 388-89. Any claim a defendant raised or could have raised on direct appeal is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply. While Roque argues the supreme court erred in its analysis, review by this court of a decision of the supreme court is not a cognizable claim under Rule 32.1. Further, "we are bound by decisions of the Arizona Supreme Court and have no authority to overrule, modify, or disregard them. . . . Whether prior decisions of the Arizona Supreme Court are to be disaffirmed is a question for that court." *Myers v. Reeb*, 190 Ariz. 341, 342, 947 P.2d 915, 916 (App. 1997) (quoting *City of Phoenix v. Leroy's Liquors, Inc.*, 177 Ariz. 375, 378, 868 P.2d 958, 961 (App. 1993)).

¶4        While the petition for review presents additional issues, Roque did not raise those issues in the notice of post-conviction relief he filed below.  A petition for review may not present issues not first presented to the trial court.  *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶5        Accordingly, we grant review, but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama